Loren Molever, SBN 07709
Holly L. Gibeaut, SBN 019786
**HYMSON & GOLDSTEIN, P.C.**
14646 N. Kierland Boulevard, Suite 255
Scottsdale, Arizona  85254
Telephone:  480-991-9077
lm@legalcounselors.com
hlg@legalcounselors.com

Attorneys for Defendants

**HYMSON & GOLDSTEIN, P.C.**
Attorneys & Counselors
14646 N. Kierland Boulevard, Suite 255
Scottsdale, Arizona 85254
Telephone:  480-991-9077 / Facsimile:  480-443-8854

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TEST ADVANTAGE, INC., an Arizona corporation, | Case No. CV05-03392-EHC |
| Plaintiff, | **ANSWER** |
| v. | |
| ERIC PAUL TABOR and RONNI TABOR, husband and wife; and RIZON SOFTWARE, L.L.C., an Arizona corporation, | |
| Defendants. | |

Defendants Eric Paul Tabor, Ronni Tabor, and Rizon Software, L.L.C., answer Plaintiff's Complaint as follows:

1.      Defendants admit the allegations in paragraphs 1 through 4 of the Complaint.

2.      Defendants deny the allegations in paragraph 5 of the Complaint.

3.      Defendants admit the allegations in paragraph 6.

4.      Defendants state that they are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 7 through 10 of the Complaint, and therefore deny all allegations in those paragraphs.

5.      Defendants deny all allegations of paragraph 11 of the Complaint.

6.      Defendants admit the allegations in paragraph 12 of the Complaint.

508111:1/14213-00
299625v1

**HYMSON & GOLDSTEIN, P.C.**
Attorneys & Counselors
14646 N. Kierland Boulevard, Suite 255
Scottsdale, Arizona 85254
Telephone: 480-991-9077 / Facsimile: 480-443-8854

7.      Defendants deny the allegations of paragraph 13 of the Complaint, except admit that, in or about August 2000, Plaintiff and Mr. Tabor entered into discussion regarding Mr. Tabor's employment with Plaintiff.

8.      Defendants admit the allegation in paragraph 14 of the Complaint that, as part of the discussions regarding Mr. Tabor's potential employment by Plaintiff, Mr. Tabor signed an Agreement Regarding Confidential Information and Intellectual Property, dated August 23, 2000.

9.      Defendants deny the allegations in paragraph 15 of the Complaint and allege that the agreement speaks for itself.

10.     Defendants admit the allegations in paragraph 16 of the Complaint.

11.     Defendants state that they are without knowledge and information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 17, and therefore deny all allegations in that sentence.  Defendants admit the remainder of the allegations in paragraph 17, except to clarify that Paul Tabor's salary with Test Advantage was often below the initial salary of $113,000.

12.     Defendants deny the allegations of paragraph 18 of the Complaint, except admit that Paul Tabor reported to Test Advantage's Chief Executive Officer and that Paul Tabor was identified on some of Test Advantage's patent applications.

13.     Defendants admit the allegations in paragraphs 19 and 20 of the Complaint and state that the Employee Manual speaks for itself.

14.     Defendants deny the allegations of paragraphs 21 through 23 of the Complaint.

15.     Defendants state that they are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore deny all allegations in that paragraph, except admit that Paul Tabor did work on the Express and Streetwise software.

508111:1/14213-00
299625v1

16.     Defendants deny the allegations of paragraphs 25 through 26 of the Complaint.

17.     Defendants deny the allegation of paragraph 27, except admit that Paul Tabor and Test Advantage signed a Memorandum on January 28, 2005 which speaks for itself.

18.     Defendants deny the allegations on paragraph 28 of the Complaint and assert that the Memorandum speaks for itself.

19.     Defendants deny the allegations on paragraph 29 of the Complaint and assert that the Memorandum speaks for itself.  Defendants admit that Paul Tabor received copies of the Confidentiality Agreement and Intellectual Property Agreement when he executed the Memorandum on January 28, 2005.

20.     Defendants deny the allegations of paragraph 30 of the Complaint except admit that Paul Tabor did perform some consulting work for Test Advantage on a part-time basis.

21.     Defendants admit the allegations of paragraphs 31 and 32 of the Complaint.

22.     Defendants state that they are without knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 33 of the Complaint, and therefore deny all allegations in that sentence. Defendants deny the remainder of paragraph 33, except admit that the Compass software may be downloaded from Rizon's website.

23.     Defendants deny the allegations of paragraphs 34 through 40 of the Complaint.

24.     Defendants deny the allegation of paragraph 41 of the Complaint, except admit that Rizon sent an e-mail to various persons on September 20, 2005 announcing the release of the Compass Pro software.

25.     Defendants admit the allegations in paragraph 42 of the Complaint.

HYMSON & GOLDSTEIN, P.C.
Attorneys & Counselors
14646 N. Kierland Boulevard, Suite 255
Scottsdale, Arizona 85254
Telephone: 480-991-9077 / Facsimile: 480-443-8854

508111:1/14213-00
299625v1

HYMSON & GOLDSTEIN, P.C.
Attorneys & Counselors
14646 N. Kierland Boulevard, Suite 255
Scottsdale, Arizona 85254
Telephone: 480-991-9077 / Facsimile: 480-443-8854

26.     Defendants deny the allegations of paragraphs 43 through 52 of the Complaint.

27.     Paragraph 53 makes no allegations.

28.     Defendants deny the allegations of paragraphs 54 through 59 of the Complaint.

29.     Defendants admit the allegation in paragraph 60 of the Complaint.

30.     Defendants deny that Plaintiff is entitled to recover its costs or attorneys' fees as alleged in paragraph 61 of the Complaint and admit that this matter arises out of a contract.

31.     Paragraph 62 makes no allegations.

32.     Defendants deny the allegations of paragraphs 63 through 68 of the Complaint.

33.     Defendants deny that Plaintiff is entitled to recover its costs or attorneys' fees as alleged in paragraph 69 of the Complaint, and admit that this matter arises out of a contract.

34.     Paragraph 70 makes no allegations.

35.     Defendants admit the allegations in paragraph 71 of the Complaint.

36.     Defendants deny the allegations of paragraphs 72 through 74 of the Complaint.

37.     Paragraph 75 makes no allegations.

38.     Defendants deny the allegations of paragraphs 76 through 82 of the Complaint.

39.     Paragraph 83 makes no allegations.

40.     Defendants deny the allegations of paragraphs 84 through 88 of the Complaint.

41.     Paragraph 89 makes no allegations.

508111:1/14213-00
299625v1

HYMSON & GOLDSTEIN, P.C.
Attorneys & Counselors
14646 N. Kierland Boulevard, Suite 255
Scottsdale, Arizona 85254
Telephone: 480-991-9077 / Facsimile: 480-443-8854

42.     Defendants deny the allegations of paragraphs 90 through 93 of the Complaint.

43.     Paragraph 94 makes no allegations.

44.     Defendants state that they are without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Complaint because it calls for a legal conclusion, and therefore deny all allegations, except admit that the patent is dated September 14, 2004, that Eric Paul Tabor is listed as the Inventor, and that Test Advantage, Inc. is listed as the Assignee.

45.     Defendants deny the allegations of paragraph 96.

46.     Paragraph 97 makes no allegations.

47.     Defendants deny each and every allegation in Plaintiff's Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

48.     As and for its affirmative defenses, and in order that Defendants do not waive them, Defendants allege, upon information and belief, the following affirmative defenses:  the Complaint fails to state a claim upon which relief may be granted, waiver, estoppel, noninfringement of the patent, and invalidity of the patent.

### RESERVATION OF ADDITIONAL DEFENSES

49.     Defendants reserve the right to plead as additional affirmative defenses, any of the items set forth in Rules 8(c) and 12, Fed.R.Civ.P., 35 U.S.C. § 282, and any other matter constituting an avoidance or affirmative defense as the same may be revealed during disclosure and/or discovery proceedings in this matter.

### JURY DEMAND

50.     Defendants demand trial by jury on all issues so triable.

### NOTICE OF CLAIM OF ATTORNEYS' FEES

51.     Plaintiff's Complaint against Defendants asserts claims purporting to arise from an employment agreement.  If Defendants are the prevailing party, they are entitled

5

508111:1/14213-00
299625v1

1   to their reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285, A.R.S. §§ 12-

2   341, 12-341.01, 12-349(A), or otherwise.

3     WHEREFORE, Defendants demand judgment dismissing the Complaint and

4   decreeing that Plaintiff take nothing by it, awarding Defendants their attorneys' fees

5   pursuant to 35 U.S.C. § 285, A.R.S. §§ 12-341.01 or 349(A), their costs, interest on the

6   foregoing amounts from the date of judgment at the legal rate of interest until paid in full,

7   and other and further relief as may be just and proper under the circumstances.

8     RESPECTFULLY SUBMITTED this 18th day of November 2005.

9

10       **HYMSON & GOLDSTEIN, P.C.**

11     By   /s/ Loren Molever

12      Loren Molever
   Holly L. Gibeaut

13      14646 North Kierland Boulevard, Suite 255
   Scottsdale, Arizona 85254-3457

14      Telephone: (480) 991-9077
   Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HYMSON & GOLDSTEIN, P.C.**
Attorneys & Counselors
14646 N. Kierland Boulevard, Suite 255
Scottsdale, Arizona 85254
Telephone: 480-991-9077 / Facsimile: 480-443-8854

508111:1/14213-00
299625v1

**HYMSON & GOLDSTEIN, P.C.**
Attorneys & Counselors
14646 N. Kierland Boulevard, Suite 255
Scottsdale, Arizona 85254
Telephone: 480-991-9077 / Facsimile: 480-443-8854

# CERTIFICATE OF FILING

I hereby certify that on November 18, 2005, I electronically transmitted the attached document to the Clerk's office via the CM/ECF filing system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

William J. Maledon
Brett L. Dunkelman
Scott W. Rodgers
Osborn Maledon, P.A.
2100 N. Central Ave., Ste. 2100
Phoenix, Arizona 85012
Attorneys for Plaintiff

Stacy M. Gabriel
Andrew S. Ashworth
Gabriel & Ashworth, P.L.L.C.
10105 E. Via Linda, Ste. 103
Scottsdale, Arizona 85258
Attorneys for Plaintiff

   /s/   Barrie Peagler

7

508111:1/14213-00
299625v1